## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Ellen Levitt, | : |
| | : |
|     Plaintiff, | :   Civil Action No.: _____ |
| | : |
|  v. | : |
| | : |
| Harris & Harris, Ltd.; and DOES 1-10, | :   **COMPLAINT** |
| inclusive, | : |
| | : |
|     Defendants. | : |
| | : |

For this Complaint, Plaintiff, Ellen Levitt, by undersigned counsel, states as follows:

### JURISDICTION

1.   This action arises out of Defendants' repeated violations of, *inter alia,* the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2.   Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4.   Plaintiff, Ellen Levitt ("Plaintiff"), is an adult individual residing in Seattle, Washington, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.   Defendant, Harris & Harris, Ltd. ("Harris"), is an Illinois business entity with an address of 111 West Jackson Boulevard, Suite 400, Chicago, Illinois 60604, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.   Does 1-10 (the "Collectors") are individual collectors employed by Harris and whose identities are currently unknown to Plaintiff.  One or more of the Collectors may be joined

as parties once their identities are disclosed through discovery.

7.      Harris at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

8.      A financial obligation (the "Debt") was allegedly incurred to an original creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to Harris for collection, or Harris was employed by the Creditor to collect the Debt.

11.      Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  Harris Engages in Harassment and Abusive Tactics

12.      In or around late September 2019, Harris began calling Plaintiff in an attempt to collect the Debt from a person other than Plaintiff (the "Debtor").

13.      Plaintiff informed Harris that the Debtor was unknown to her and unreachable at her telephone number. As such, Plaintiff requested that all calls to her cease.

14.      Despite having been so informed and requested to cease communications, Harris thereafter continued calling Plaintiff, causing inconvenience and frustration.

### C.  Plaintiff Suffered Actual Damages

15.      Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

16.      As a direct consequence of Defendants' acts, practices and conduct, Plaintiff

suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

17.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18.     Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted Plaintiff for purposes other than to confirm or correct location information of the Debtor.

19.     Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt

20.     Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations, with the intent to annoy and harass.

21.     Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

22.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

23.     Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in Plaintiff's favor and against Defendants as follows:

1.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

2.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

3

3. The costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C.

§ 1692k(a)(3); and

4. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 14, 2020

Respectfully submitted,

By  /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorney for Plaintiff